CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 02 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PRESTON WILSON, | ) |
|     Plaintiff, | ) Civil Action No. 7:09-CV-00261 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| NURSE HAWKS, | ) By: Samuel G. Wilson |
|     Defendant. | ) United States District Judge |

Plaintiff Preston Wilson, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Wilson complains that Nurse Hawks filed a false complaint against him which resulted in his placement in the segregation unit. The court finds that Wilson's complaint is frivolous and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Wilson alleges that Nurse Hawks filed an institutional complaint against him alleging that Wilson threatened her "just to have [him] locked up in [the] seg[regation] unit [at] KMCC." He claims that she lied about the threat. He also complains that while he is in the segregation unit, he has no television or recreation time. As relief, Wilson asks to be released from segregation or transferred to another facility.

II.

It is well-settled that state officials may not retaliate against an inmate for exercising his constitutional rights, including his right to access the courts. See American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). However, in order to sustain a cognizable retaliation claim under § 1983, an inmate must point to specific facts supporting his claim of retaliation. White v. White, 886 F.2d 271 (4th Cir. 1989). "[B]are assertions of retaliation do not establish a claim

of constitutional dimension." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (federal courts should regard inmate claims of retaliation with "skepticism"). In this case, Wilson does not allege any facts that suggest that Nurse Hawks filed a complaint against him based on a retaliatory motive, nor does he allege that he was exercising a constitutional right that resulted in the complaint being filed against him. Accordingly, the court finds that Wilson's conclusory allegation of retaliation fails.

### III.

To the extent Wilson's allegations can be construed as a claim that his assignment to the segregation unit amounts to cruel and unusual punishment in violation of the Eighth Amendment, it also fails. To establish an Eighth Amendment living conditions claim, Wilson must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While segregation conditions may be inconvenient, uncomfortable, and unfortunate, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has Wilson demonstrated that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, his living conditions claim fails.

### IV.

To the extent Wilson's allegations can be construed as a claim that his confinement in segregation constitutes a violation of his due process rights afforded under the Fourteenth Amendment, it also fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those

2

Case 7:09-cv-00261-SGW-mfu   Document 5   Filed 07/02/09   Page 2 of 3   Pageid#: 24

liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Wilson's due process claim fails.

V.

Based on the foregoing, Wilson's claims are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 2nd day of July, 2009.

_____
United States District Judge